# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

—

**No. 20-3073**

**September Term, 2021**
FILED ON: JANUARY 28, 2022

UNITED STATES OF AMERICA,
          APPELLEE

v.

JUAN JOSE MARTINEZ VEGA, ALSO KNOWN AS CHIGUIRO, ALSO KNOWN AS GENTIL ALVIS PATINO,
          APPELLANT

—

Appeal from the United States District Court
for the District of Columbia
(No. 1:04-cr-00446-51)

—

Before: SRINIVASAN, *Chief Judge*, RAO, *Circuit Judge*, and EDWARDS, *Senior Circuit Judge*.

## J U D G M E N T

This cause was considered on the briefs and appendices filed by the parties and argued by counsel. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). It is

**ORDERED AND ADJUDGED** that the judgment of the District Court be affirmed.

Criminal defendant Juan Jose Martinez Vega ("Martinez Vega") challenges the District Court's application of the "manager or supervisor" sentencing enhancement. Because the evidence on which the District Court relied adequately supports its conclusion that Martinez Vega supervised at least one criminally responsible participant, we affirm the District Court's judgment.

### Background

In 2006, Martinez Vega "w[as] indicted with more than 50 other individuals for conspiring to commit crimes associated with the importation, manufacture, and distribution of cocaine into the United States." *United States v. Vega*, 826 F.3d 514, 521 (D.C. Cir. 2016) (per curiam). "The indicted individuals were allegedly affiliated with the Fuerzas Armadas Revolucionarias de Colombia ('FARC') . . . ." *Id.* "Martinez Vega's role primarily consisted of exporting cocaine and importing arms. Throughout his association with the FARC, he was allegedly responsible for exporting at least 11,000 kilograms of cocaine and with supplying the FARC with 250 tons of ammunition, explosives, and weapons." *Id.* Martinez Vega was convicted in 2010, and the District

Court sentenced him to 330 months' imprisonment. *Id.* at 522. Martinez Vega appealed his conviction and sentence. *Id.*

On appeal, this court affirmed Martinez Vega's conviction but vacated his sentence because the District Court had not adequately supported its application of a three-level sentencing enhancement based on Martinez Vega's role as a "manager or supervisor" in the narcotics conspiracy. *Id.* at 538-40, 543. On remand, the District Court again applied the enhancement and sentenced Martinez Vega to the same term of imprisonment he had originally received. App. 352-55. Martinez Vega again appealed, challenging only the three-level enhancement.

**Standard of Review**

"Upon appeal of [sentencing] enhancements, '[p]urely legal questions are reviewed *de novo*; factual findings are to be affirmed unless clearly erroneous; and we are to give due deference to the [D]istrict [C]ourt's application of the [sentencing] guidelines to facts. Due deference 'presumably falls somewhere between *de novo* and clearly erroneous.'" *United States v. Bikundi*, 926 F.3d 761, 796-97 (D.C. Cir. 2019) (per curiam) (second and fifth alterations in original) (first quoting *Vega*, 826 F.3d at 538; and then quoting *United States v. Bisong*, 645 F.3d 384, 397 (D.C. Cir. 2011)). "This court reviews a [D]istrict [C]ourt's fact-specific determination that a defendant was . . . a 'manager or supervisor' under a due deference standard." *United States v. Norman*, 926 F.3d 804, 811-12 (D.C. Cir. 2019) (internal quotation omitted).

**Analysis**

Section 3B1.1 of the Sentencing Guidelines permits the District Court to increase a defendant's base offense level due to his or her aggravating role in an offense. U.S. Sent'g Guidelines Manual ("U.S.S.G.") § 3B1.1 (U.S. Sent'g Comm'n 2018). As relevant here, "[i]f the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive," a three-level increase in offense level is appropriate. *Id.* § 3B1.1(b).

To justify this enhancement, the Government must "prove by a preponderance of the evidence that Martinez Vega (i) managed or supervised (ii) at least one 'participant' who was criminally responsible for an offense (iii) in a criminal activity that involved five or more participants or was otherwise extensive." *Vega*, 826 F.3d at 539. This court has already concluded that the record in this case "amply support[s] the [D]istrict [C]ourt's conclusion that Martinez Vega had sufficient control and authority over other individuals to be a manager or supervisor," *id.*, and Martinez Vega now concedes that the third element is satisfied, *see* Reply Br. for Appellant 1 n.1. Accordingly, only the second element – *i.e.*, whether Martinez Vega supervised at least one criminally responsible participant – is at issue here.

"A 'participant' is a person who is criminally responsible for the commission of the offense, but need not have been convicted." U.S.S.G. § 3B1.1 cmt. n.1 (emphasis omitted). An individual is "criminally responsible" within the meaning of the enhancement "only if 'he

commit[s] all of the elements of a statutory crime *with the requisite mens rea.*'" *Vega*, 826 F.3d at 539 (alteration in original) (quoting *United States v. McCoy*, 242 F.3d 399, 410 (D.C. Cir. 2001)).

Here, Martinez Vega maintains that the *mens rea* requirement is satisfied only if the Government proves that any participant Martinez Vega supervised knew or intended that the cocaine at issue was destined for the United States. The Government does not dispute this characterization of the *mens rea* requirement.

To support its conclusion that Martinez Vega supervised at least one criminally responsible participant, the District Court on remand pointed to testimony from "multiple witnesses" who saw Martinez Vega "with his men, his guards[,] and his people," App. 354, in the process of preparing to distribute cocaine (at least some of which was destined for the United States). Witnesses testified that Martinez Vega "was involved in the transportation of large amount[s] of narcotics, weapons[,] and supplies from the FARC, using his shipping boats and assisted by other individuals." *Id.* The District Court also relied on testimony that Martinez Vega "us[ed] his men to transport the narcotics" and merchandise, and that Martinez Vega appeared to be "in charge" of a group transporting weapons and drugs. App. 353-54. And the District Court relied on expert testimony from a Drug Enforcement Administration official who stated that ninety percent of the cocaine consumed in the United States comes from Colombia and half to two-thirds of the cocaine produced in Colombia goes to the United States. App. 352-53. The evidence before the District Court thus adequately supports the conclusion that Martinez Vega supervised at least one participant who had the requisite *mens rea* to be criminally culpable.

In sum, and in light of the evidence, we are constrained to give due deference to the District Court's finding that Martinez Vega supervised at least one criminally responsible participant. And, as discussed, the Government has carried its burden with respect to the remaining elements needed to justify the three-level enhancement. Accordingly, the District Court did not err by applying the "manager or supervisor" sentencing enhancement on remand.

For the foregoing reasons, we affirm the District Court's judgment.

\* \* \*

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.

**<u>Per Curiam</u>**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk